1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10

ROGELIO GALICIA VARGAS,        ) 1:09-cv—00842-SKO-HC
11                                )
                    Petitioner,  ) ORDER DISMISSING THE ACTION
12                                ) WITHOUT PREJUDICE FOR
                                  ) PETITIONER'S FAILURE TO PROSECUTE
13        v.                      )
                                  ) ORDER DIRECTING THE CLERK TO
14   WARDEN J. E. SUGRUE,         ) CLOSE THE CASE
                                  )
15                    Respondent. )
                                  )
16   _____)

17

18        Petitioner is a federal prisoner proceeding pro se with a

19   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

20   Pursuant to the parties' consent, the matter has been referred to

21   the Magistrate Judge for all proceedings, including the entry of

22   final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P.

23   73(b), and Local Rule 301.[1]

        I. Petitioner's Failure to Inform the Court of His Address
24
        On April 14, 2010, the Court issued an order reassigning the
25
     present proceeding to the undersigned Magistrate Judge, and the
26

27   _____

28        [1] Respondent's counsel filed a signed consent form on May 24, 2010, and
     Petitioner most recently filed a signed consent form on October 13, 2009.

                                      1

1  order was served on Petitioner.  On April 26, 2010, the order

2  served on Petitioner was returned by the U.S. Postal Service as

3  undeliverable and with a notation "not in custody."

4      Pursuant to Local Rule 183(b), a party appearing in propria

5  persona is required to keep the Court apprised of his or her

6  current address at all times.  Local Rule 183(b) provides, in

7  pertinent part:

8          If mail directed to a plaintiff in propria
           persona by the Clerk is returned by the U.S.
9          Postal Service, and if such plaintiff fails
           to notify the Court and opposing parties
10         within sixty-three (63) days thereafter of a
           current address, the Court may dismiss the
11         action without prejudice for failure to
           prosecute.

12

13     In the instant case, more than sixty-three days (63) have

14  passed since Petitioner's mail was returned, and he has not

    notified the Court of a current address.
15

16     In determining whether to dismiss an action for lack of

17  prosecution, the Court must consider several factors: (1) the

    public's interest in expeditious resolution of litigation; (2)
18
    the Court's need to manage its docket; (3) the risk of prejudice
19
    to the respondents; (4) the public policy favoring disposition of
20
    cases on their merits; and (5) the availability of less drastic
21
    alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
22
    1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court
23
    finds that the public's interest in expeditiously resolving this
24
    litigation and the Court's interest in managing the docket weigh
25
    in favor of dismissal because this case has been pending since
26
    May 13, 2009.  The Court cannot hold this case in abeyance
27
    indefinitely based on Petitioner's failure to notify the Court of
28

1  his address.  The third factor, risk of prejudice to respondents,

2  also weighs in favor of dismissal, since a presumption of injury

3  arises from the occurrence of unreasonable delay in prosecuting

4  an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir.

5  1976).  The fourth factor, public policy favoring disposition of

6  cases on their merits, is greatly outweighed by the factors in

7  favor of dismissal discussed herein.  Finally, given the Court's

8  inability to communicate with Petitioner based on Petitioner's

9  failure to keep the Court apprised of his current address, no

10  lesser sanction is feasible.

11      II.  <u>Disposition</u>

12      Accordingly, the action is DISMISSED without prejudice for

13  Petitioner's failure to prosecute.

14      The Clerk is DIRECTED to close the case because this order

15  terminates the action in is entirety.

16

17  IT IS SO ORDERED.

18  **Dated:    July 12, 2010**              <u>      **/s/ Sheila K. Oberto**      </u>
                                             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28